UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WANDA WARD<br>    Plaintiff, | : | CIVIL ACTION NO.: _____ |
| | : | |
| v. | : | |
| | : | |
| LIFE INSURANCE COMPANY<br>OF NORTH AMERICA D/B/A CIGNA,<br>    Defendant. | :<br>:<br>: | MAY 25, 2022 |

## COMPLAINT

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.§§ 1001 et. seq. and section 1132(a)(1)(B).

2. This court has jurisdiction of this matter under 29 U.S.C. § 1132(e) and 28 U.S.C. 1331.

3. Plaintiff is a resident of the Mashantucket, Connecticut, and, at all times, was an employee of Tribal Health Services for the Mashantucket Pequot Tribal Nation located in Mashantucket, Connecticut, and a qualified participant in the Long Term Disability Plan ("the Plan"), an employee benefit plan within the meaning of 29 U.S.C. § 1002.

4. Defendant, Life Insurance Company of North America d/b/a Cigna (hereinafter "Cigna"), is a corporation organized and existing under the laws of the State of Delaware and is licensed and authorized to conduct business in the State of Connecticut. Said defendant is subject to the jurisdiction and venue of this Court.

5. The administration and operation of the Plan is performed jointly by the Mashantucket Pequot Tribal Nation d/b/a Foxwoods Resort Casino (designated as the "Plan Administrator") and Defendant, Cigna. Defendant Cigna is the administrator and fiduciaries of the Plan, actual and /or de facto, under ERISA.

6. On or about August 15, 2018, the plaintiff ceased employment with the Mashantucket Pequot Tribal Nation as a diabetes coordinator due to physical disabilities.

7. Since August 15, 2018, the plaintiff has been continuously disabled and unable to work. Consequently, plaintiff made an application for disability benefits through the disability plan made available by defendant through her employment with Foxwoods Resort Casino.

8. The defendant granted the plaintiff's application and provided short-term disability benefits. The defendant then denied the plaintiff's Long Term Disability benefits upon review of the plaintiff's conditions after 24 months of paying benefits.

9. On or about September 17, 2020, the defendant denied disability benefits, even though the plaintiff was found incapable of performing the duties of her regular occupation. The defendant failed to consider all of plaintiff's physical disabilities and erroneously concluded that plaintiff could perform these two occupations. The denial of plaintiff's claim for benefits was arbitrary, erroneous, not made in good faith, unsupported by substantial evidence, and in violation of the provisions of ERISA.

10. Plaintiff appealed the denial determinations made by the defendant. Said appeal was denied on August 10, 2021. Therefore, plaintiff has exhausted all administrative remedies available to her under the Plan.

11. In the denial of the plaintiff's appeal, the defendant found that the plaintiff could perform the following sedentary positions based on a vocational analysis of transferrable skills: Hospital Admitting Clerk (Dictionary of Occupational Titles (DOT) 205.362-018), and Caseworker (DOT 195.107-010). The defendant's decision failed to consider the plaintiff's progressive medical conditions, fibromyalgia and dermatomyositis, affecting the plaintiff's lumbar and cervical spine and esophagus, which require extensive medical treatment, including chemotherapy. Furthermore, the defendant failed to take into consideration the plaintiff's rashes and difficulty working in a public setting. The appeal

decision of August 10, 2021 essentially deprived the plaintiff of rights under the defendant's policy, breached the contract provisions and was arbitrary and capricious, erroneous, not made in good faith, unsupported by substantial evidence and in violation of the provisions of ERISA.

**WHEREFORE,** the plaintiff prays for the following:

a. Contract damages pursuant to the policy

b. Reasonable costs

c. That Defendants be ordered to pay Plaintiff disability benefits

d. Reasonable attorney's fees

THE PLAINTIFF, WANDA WARD

BY _____
Lorenzo J. Cicchiello, ct09277
Her Attorney
Cicchiello & Cicchiello, LLC
582 West Main Street
Norwich, CT 06360
860.886.9300  phone
860.886.5963  fax
lorenzo.cicchiello@yahoo.com